IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KIAWAH ISLAND UTILITY, INC., | ) | Civil Action No. 2:19-cv-01359-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| vs. | ) | **MEARS GROUP, INC.** |
| | ) | |
| WESTPORT INSURANCE | ) | |
| CORPORATION, SWISS RE | ) | |
| INTERNATIONAL SE, LLOYD'S | ) | |
| SYNDICATE 1882 CHB, AND MEARS | ) | |
| GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Mears Group, Inc. ("Mears" or "Defendant") files this Answer to Plaintiff Kiawah Island Utility, Inc. ("Kiawah" or "Plaintiff")'s Complaint For Declaratory Judgment Regarding Builder's Risk Insurance Coverage  (the "Complaint"), and states as follows:

In answer to the allegations of Plaintiff's Complaint, Mears states:

1.      Defendant denies the Construction Contract provided only for a lump sum payment of $5,095,530.50. Defendant admits the remaining allegations in Paragraph 1.

2.      Defendant admits the Construction Contract provided for the risk of physical loss or damage on the Project to be covered by all-risk builder's risk insurance to be provided by Kiawah, and the policies identified in Paragraph 2 were issued by companies that are part of the Swiss Re group of companies.  Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant admits Plaintiff is seeking the relief set forth in Paragraph 3.

4.      Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 4. Accordingly, the allegations are denied.

4815-6366-3771v.1

5.      Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 5.  Accordingly the allegations are denied.

6.      Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 6.  Accordingly the allegations are denied.

7.      Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 7.  Accordingly the allegations are denied.

8.      Defendant admits the Swiss Re policy has a Service of Suit clause that designates Mendes and Mount as agent for service of process.  Defendant denies the remaining allegations in Paragraph 8.

9.      Defendant admits the allegations in Paragraph 9.

10.     Defendant admits Plaintiff is not asserting any claims against Defendant. Defendant denies it is a necessary party. The remaining allegations do not require an answer.  To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Defendant admits diversity of citizenship between the parties.  Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits venue is proper in this District.  Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant admits the Construction  Contract provides for physical loss or damage to the Project to be covered by primary builder's risk all-risk insurance to be provided by Kiawah and portions of the Construction Contract are attached as Exhibit D.   Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant admits Article 2.0 provides for insurance to be in place before the work is started. Defendant denies the remaining allegations in Paragraph 14.

15.     Defendant admits the Construction Contract contains the provisions quoted in Paragraph 15.

16.     Defendant admits the Construction Contract contains the provisions quoted in Paragraph 16.

17.     Defendant admits Special Condition 7 contains the provisions quoted in Paragraph 17 except to the extent Plaintiff altered the provisions by adding italics, bold-face type, and spacing changes.  Defendant denies the remaining allegations of Paragraph 17.

18.     Defendant admits Special Condition 7 provides, in part, the provisions quoted in Paragraph 18.  Defendant denies the remaining allegations in Paragraph 18.

19.     Defendant admits Mears provided Plaintiff with a Certificate of Liability Insurance dated April 21, 2016.  Defendant denies the remaining allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.     Defendant admits the Swiss Re policy declarations contain provisions regarding additional insureds.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant denies the remaining allegations of Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant admits the Swiss Re policy has a provision regarding Certificates of Insurance.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant denies the remaining allegations of Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant admits the Swiss Re Policy contains the quoted Insuring Agreement provision, with the exception of Plaintiff's omission of asterisks following "COVERAGE TERRITORY" and "INSURED PROJECT" in the policy.  To the extent the paragraph contains

contentions of law, no admission or denial is required.  Defendant denies the remaining allegations of Paragraph 25.

26.     Defendant admits the Swiss Re Policy contains the quoted provision, with the exception of Plaintiff's omission of asterisks following the term "INSURED PROJECT" in the policy.  Defendant denies the remaining allegations in Paragraph 26.

27.     Defendant admits the Swiss Re policy defines Coverage Territory, which includes the United States.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant denies the remaining allegations of Paragraph 27.

28.     Defendant admits the Swiss Re policy defines Insured Project.  Defendant denies the remaining allegations of Paragraph 28.

29.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 29.  Accordingly, the allegations in Paragraph 29 are denied. To the extent the paragraph contains contentions of law, no admission or denial is required.

30.     Defendant admits Kiawah made a claim on the Swiss Re policy which was denied. Defendant denies the remaining allegations in Paragraph 30.  To the extent the paragraph contains contentions of law, no admission or denial is required.

31.     Defendant admits the Westport policy provides property insurance to Southwest Water and Kiawah for the period September 1, 2015 to September 1, 2016, with terms, conditions, limits and sublimits as are set forth in the policy.  Defendant denies the remaining allegations in Paragraph 31.

32.     Defendant admits the Westport policy has Described Premises, Schedule of Locations, Newly Acquired Property and Miscellaneous Unnamed Locations provisions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 32. Accordingly the remaining allegations in Paragraph 32 are denied.

33.    Defendant admits Southwest acquired Kiawah and the policy has a provision for Scheduled Locations.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33. Accordingly,  Defendant denies the remaining allegations in Paragraph 33.

34.    Defendant admits the Westport policy has provisions related to Newly Acquired Property and Sublimits of Liability.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 34. Accordingly, Defendant denies the remaining allegations in Paragraph 34.

35.    Defendant admits the Westport policy has a sublimit related to Water Wells and Underground Piping and Westport asserted a sublimit of $5 million applies to the Project. Defendant denies the remaining allegations of Paragraph 35.

36.    Defendant admits the Westport policy provides coverage for Real Property, subject to the terms, conditions, and limits of the policy and includes the provision quoted in the Complaint.    Defendant is without knowledge or information sufficient to form a belief as the remaining allegations in Paragraph 36.  Accordingly, Defendant denies the remaining allegations in Paragraph 36.  To the extent the paragraph contains contentions of law, no admission or denial is required.

37.     Defendant  admits the Westport policy contains a definition of Insured's Liability and Westport's adjuster issued a letter regarding coverage.  Defendant denies the remaining allegations in Paragraph 37.

38.     Defendant admits the Westport policy has an Insuring Agreement.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 38. Accordingly, Defendant denies the remaining allegations of Paragraph 38.

39.     Defendant admits the Westport policy contains a Described Premises clause. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.  Accordingly, Defendant denies the remaining allegations in Paragraph 39.

40.     Defendant admits the bore hole and pipeline suffered physical loss or physical damage during the term of the Westport policy, that Kiawah's liability for Defendant's interest in the structures is covered by the Policy, and no exclusion in the Westport policy bars coverage, but Westport has denied coverage claiming its policy was excess to other insurance and the faulty workmanship exclusion precluded coverage under the policy.  To the extent the paragraph contains contentions of law or conflicts with determinations of law previously issued by this Court in other litigation, no admission or denial is required.  Defendant is without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 40. Accordingly, Defendant denies remaining  allegations in Paragraph 40.

41.     Defendant admits Plaintiff notified Westport of the loss, Defendant provided extensive backup documentation to Westport, Westport asserted that Defendant's policy was primary, that Westport would investigate the claim as excess insurance, and Westport denied the

claim for the reasons stated in its May 18, 2018 letter. Defendant denies the remaining allegations of Paragraph 41.

42.    Defendant admits it disagreed with Westport's denial of coverage and Westport's assertion of faulty workmanship; Defendant requested Plaintiff challenge the denial of coverage and assertion of faulty workmanship, since Defendant was not an additional insured under the Westport policy and Westport refused to communicate with Plaintiff about the policy; Plaintiff challenged the coverage determination and requested Westport reconsider its position.  Defendant denies the remaining allegations of Paragraph 42.

43.    Defendant admits that Defendant has sued Plaintiff for breach of the Construction Contract by failing to provide primary all risk builder's risk insurance as required by the Construction Contract, and a true copy of the Original Complaint is attached as Exhibit F. Defendant denies the remaining allegations in Paragraph 43.

44.    Defendant admits Plaintiff is seeking the declarations in Paragraph 44.

45.    Defendant admits the Swiss Re policy has Wrap Around Coverage subject to the terms, conditions, definitions and other provisions of the policy.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations Paragraph 45. Accordingly, Defendant denies the  remaining allegations in Paragraph 45.

46.    Defendant admits the Swiss Re policy has Wrap Around Coverage subject to the terms, conditions, definitions and other provisions of the policy.  To the extent the paragraph contains contentions of law, no admission or denial is required.  Accordingly, Defendant denies the remaining allegations in Paragraph 46.

47.     Defendant admits Kiawah seeks a declaration that it is covered under the Wrap Around Coverage of the Swiss Re policy. Defendant denies the remaining allegation in Paragraph 47.

48.     Defendant admits the Swiss Re Policy contains a Dispute Resolution Clause, but denies the wording of the clause is as reflected in Paragraph 48.

49.     The allegations in Paragraph 49 contain Plaintiff's legal contentions regarding the Dispute Resolution clause and do not require an answer. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Paragraph 50 contains allegations of law which do not require an answer. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the Construction Contract required Defendant to obtain the Swiss Re policy. The remaining allegations of Paragraph 51 contain allegations of law which do not require an answer. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 contains allegations of law which do not require an answer. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     Defendant admits Plaintiff is seeking the declaration described in Paragraph 53.

54.     Defendant admits the Swiss Re policy has an arbitration provision which sets forth its terms. As Plaintiff paraphrases the provision, the allegations of Paragraph 54 are denied.

55.     Defendant denies the allegations of Paragraph 55.

56.     Defendant admits the Swiss Re policy has a Service of Suit Clause. The remaining allegations of Paragraph 56 do not require an answer. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 56.

8

57.     Paragraph 57 contains Plaintiffs legal contentions and do not require an answer. To the extent a response is required, Defendant denies the allegations of Paragraph 57.

58.     Defendant admits Kiawah is seeking the declarations in Paragraph 58.

59.     In response to Paragraph 59, Defendant incorporates its responses to Paragraphs 1 through 58.

60.     Paragraph 60 contains allegations of law which do not require an answer. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies coverage is available to Kiawah under the Swiss Re policy. The remaining allegations in Paragraph 62 are allegations of law, which do not require an answer.

63.     Defendant admits Plaintiff is seeking the declarations listed in Paragraph 63.

64.     Defendant admits Plaintiff is seeking the declarations in Paragraph 64.

65.     Defendant admits Plaintiff is seeking the declarations in Paragraph 65.

66.     Paragraph 66 is a jury request and requires no answer.

67.     Paragraph 67 is Plaintiff's reservation of rights and requires no answer.

68.     In response to Plaintiff's prayer for relief, Defendant denies Plaintiff is entitled to the relief sought.

69.     All allegations not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant Mears Group, Inc. asserts the following affirmative defenses, each in the alternative, in response to the Plaintiff's Complaint:

### FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Defendant.

9

### FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant and Swiss Re are subject to arbitration.

### FOR A SIXTH AFFIRMATIVE DEFENSE

This suit should be stayed or dismissed because KIU's liability for Mears's damages has not been determined.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional affirmative defenses that may be available to it.

WHEREFORE, Defendant Mears Group, Inc. respectfully requests that Plaintiff take nothing from Defendant, Plaintiff's Complaint for Declaratory Judgment Regarding Builder's Risk Insurance Coverage be dismissed with prejudice, Defendant recover its costs and attorneys' fees, and Defendant have such other and further relief, legal or equitable, special or general, as Defendant is entitled to receive.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: s/ PATRICK C. WOOTEN
    G. Mark Phillips
    Federal Bar No. 3051
    E-Mail: mark.phillips@nelsonmullins.com

10

Patrick C. Wooten
Federal Bar No. 10399
E-Mail: patrick.wooten@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

**MUNSCH HARDT KOPF & HARR, P.C.**

Richard A. Schwartz *pro hac vice*
Federal Bar No. 5344
E-Mail: dschwartz@munsch.com
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: 713-222-4076

*Attorneys for Defendant Mears Group, Inc.*

June 25, 2019
Charleston, South Carolina

11